IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **IN RE: PHILIPS RECALLED CPAP, BI-LEVEL PAP, AND MECHANICAL VENTILATOR PRODUCTS LITIGATION** )<br>)<br>)<br>)<br>)<br>)<br>) | Master Docket: Misc. No. 21-1230<br><br>MDL No. 3014 |
| This Document Relates to: )<br>)<br>*Burke v. Philips, et al.*, #24-654 )<br>) | |

**MEMORANDUM OPINION**

I.    Introduction

Pending before the court is a motion (ECF No. 28) filed by Defendants Philips RS North America LLC, Koninklijke Philips N.V., Philips North America LLC, Philips Holding USA, Inc., and Philips RS North America Holding Corporation (collectively, "Philips"), which asks the court to dismiss with prejudice Civil Action No. 24-654, with brief in support (ECF No. 29L). Philips argues that pro se Litigating Plaintiff Dale Joseph Burke ("Burke"), who is incarcerated, failed to fully comply with the Docket Management Order ("DMO") (Misc. No. 21-1230, ECF 2769), or this court's second "show cause" order dated April 16, 2026 (ECF No. 27). The court ordered Burke to respond to the motion by June 24, 2026 (ECF No. 30) and mailed a copy of the order to Burke's address of record. As of the date of this opinion and order, Burke did not file a response. The motion to dismiss is ripe for decision.

II.    Procedural History

Burke filed his complaint in the North Dakota state court. On April 9, 2024, Philips removed the case to the United States District Court for North Dakota. On May 1, 2024, the

Judicial Panel on Multidistrict Litigation ("JPML") transferred the case to this court for inclusion in the coordinated or consolidated pretrial proceedings for the Philips MDL pursuant to 28 U.S.C. § 1407.

On May 9, 2024, the court entered a DMO which established requirements for all personal injury cases filed by "Litigating Plaintiffs" (i.e., individuals who did not participate in the settlement of personal injury claims).  On February 28, 2025, Philips filed a Notice at Burke's case, to establish the DMO deadlines that applied to him (ECF No. 15).  As set forth in DMO ¶¶ 20 and 21, if a Litigating Plaintiff like Burke fails to fully comply with his obligations under the DMO, the complaint is subject to dismissal with prejudice.

On June 13, 2025, the court issued an order (ECF No. 11) granting Philips' first motion for the court to enter a "show cause" order for Burke to explain why his case should not be dismissed with prejudice for failure to comply with the DMO deadlines.  Burke filed a motion in response, seeking assistance in obtaining his medical record.  The court granted Burke's motion.

On September 4, 2025, the court held a video status conference with Burke and Philips' counsel.  At the conference, Philips' counsel reported that they reviewed Burke's medical records and determined that he did not qualify to participate in the settlement because he does not have a qualifying injury (ECF No. 23).  The court instructed Burke that he must proceed as a Litigating Plaintiff.  *Id.*  On October 7, 2025, the court granted Philips' motion to set new DMO deadlines for Burke (ECF No. 25).

On April 16, 2026, the court granted Philips' motion to enter a second order to show cause (ECF No. 27).  That order provided, in relevant part:

> Burke shall, no later than the 16th day of May, 2026, either (1) cure his non-compliance with the DMO by delivering to the Philips Defendants all outstanding documents required thereunder, including (a) Preservation Notices, (b) Rule 26(a)(1) disclosures, (c) a Litigating Plaintiff Fact Sheet, (d) records related to his

use of a Recalled Device, (e) record collection production, (f) proof of injury, and (g) expert report(s), and provide proof of having done so to the Court; or (2) demonstrate good cause for his failure to cure. Pursuant to paragraph 21 of the DMO, failure to do so shall result in dismissal of Plaintiff Burke's claims with prejudice.

*Id.*

Burke did not respond to the second show cause order. On May 28, 2026, Philips filed the pending motion to dismiss. Philips reports that Burke has taken no actions to cure his multiple DMO deficiencies, as identified in the show cause order. As noted above, Burke did not respond to the motion to dismiss.

III.    Discussion

Philips seeks dismissal of this case with prejudice. With respect to the DMO and show cause orders, Philips reports that Burke did not provide all the required information. The record reflects that Burke minimally complied with the DMO by providing medical records. Burke, however, has taken no actions to fully comply with his DMO obligations since September 2025, when he learned that he did not qualify for the settlement and would be required to proceed as a Litigating Plaintiff. Burke but did not articulate any explanation or good cause for the multiple continuing failures to fully comply with those orders. Despite the additional months that have passed since the initial deadlines, full compliance did not occur, i.e., Burke failed to provide items (a) through (g) itemized in the second show cause order. Burke did not dispute Philips' representation that he provided none of those documents.

The deadlines in the DMO were designed to create an efficient process for all litigants – including Burke. The DMO provided that the court expected "complete and full compliance" with the DMO. *Id.* at 1. Individualized deadlines were developed for Burke in recognition of the

3

burdens he faced as an incarcerated person.  The court gave Burke numerous opportunities to comply.

Burke did not articulate the specific steps he took to comply.  At this point, more than eight months after being given notice of the applicable deadlines, it is apparent that Burke did not fully comply with the DMO or show cause order or demonstrate a good reason for his failure to comply.  It appears he has stopped pursuing this case.

As set forth in DMO ¶ 20 and 21, Burke' complaint is subject to dismissal with prejudice. Burke failed to fully cure his deficiencies or to demonstrate good cause for that failure.[1]


IV.     Conclusion

For the reasons set forth above, the motion to dismiss (ECF No. 28) will be granted.  This case will be dismissed with prejudice for failure to comply with the court's orders with respect to the DMO deadlines and failure to show good cause for the failure to cure the deficiencies.

An appropriate order will be entered.

Dated: July 1, 2026

BY THE COURT:

/s/ Joy Flowers Conti
Joy Flowers Conti
Senior United States District Court Judge

---

[1] This court's orders implicate Rule 37(b) and its authority to dismiss this case.  *See* DMO, ECF No. 2769.  To the extent evaluation of the "*Poulis* factors," *see Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863 (3d Cir. 1984), is even necessary in light of Burke's failure to comply with the clear language of this court's orders, the court considered them and finds the *Poulis* factors weigh heavily in favor of dismissal with prejudice of this case.